UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOUGLAS JACKSON,                              Case No. 11-13173

       Plaintiff,                           David M. Lawson
v.                                            United States District Judge

HOPE SAVERHOOD,                               Michael Hluchaniuk
                                              United States Magistrate Judge
       Defendant.
_____/

**REPORT AND RECOMMENDATION**
**MOTION FOR SUMMARY JUDGMENT (Dkt. 39)**

**I.    PROCEDURAL HISTORY**

Plaintiff filed this prisoner civil rights action on July 22, 2011. (Dkt. 1). With leave of the Court, plaintiff filed a supplemental complaint. (Dkt. 35). This matter was referred to the undersigned for all pretrial proceedings. (Dkt. 10). Defendant filed a motion for summary judgment, based on failure to exhaust administrative remedies, on January 3, 2013. (Dkt. 39). On March 4, 2013, plaintiff filed a response. (Dkt. 41, 42, 43). On March 8, 2013, plaintiff filed a supplemental exhibit in support of his response. (Dkt. 44).

Previously, the undersigned issued an order allowing plaintiff to file a supplemental complaint against defendant. (Dkt. 31). Plaintiff sought to add additional claims against defendant Saverhood, arising from grievances initially

filed just before the complaint was filed in this case on July 22, 2011. Defendant Saverhood opposed plaintiff's proposed amendment, asserting that plaintiff failed to exhaust his administrative remedies as to these grievances prior to filing suit and may not exhaust such remedies during the pendency of the suit, citing *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999). The undersigned concluded however that such proposed supplemental claims (which are claims that arose *after* suit was filed) must be fully exhausted at the time they are proposed. (Dkt. 31); *see Lee v. Birkett*, 2009 WL 3465210 (E.D. Mich. 2009), citing *Murphy v. Grenier*, 2009 WL 1044832 (E.D. Mich. 2009) (The PLRA's exhaustion requirement does not repeal Rule 15(d), which, by definition, applies to claims that could not have existed at the time the original complaint was filed.). The undersigned also noted that plaintiff was not required to plead and prove exhaustion at that point; rather, that is an affirmative defense for defendant to plead and prove. *Id*. With defendant's motion for summary judgment, we have now reached the stage where this issue can be decided.

For the reasons set forth below, the undersigned **RECOMMENDS** that defendant's motion for summary judgment be **GRANTED** and that plaintiff's complaint be **DISMISSED** without prejudice.

## II. FACTUAL BACKGROUND

Plaintiff alleges that defendant Saverhood denied him access to the courts in

his criminal appeal by interfering in his ability to file a brief in that case by refusing to make legal photo copies and confiscating his exhibits. Plaintiff also contends that Saverhood threatened to send him "up north," and as a result of Saverhood's retaliation, plaintiff was transferred to a prison nearly 400 miles from home, causing him to suffer from decreased contact with his family and friends and causing him to be unable to file his brief with the Michigan Supreme Court.

Plaintiff identifies several grievances he filed against Saverhood. On June 17, 2011, he filed a grievance alleging denial of access to the law library (MRF 11-06-00742-14a). On June 29, 2011, he filed a second grievance against Saverhood, alleging that she altered a form that plaintiff submitted for legal copies, overcharging him by $9.00 (MRF 11-07-0784-1B). On July 9, 2011, plaintiff filed a third grievance (MRF 11-07-0820-19Z) for confiscating his legal exhibits, and another grievance (MRF 11-07-00819-17Z) for showing his sensitive legal exhibits to other staff members. On July 14, 2011, plaintiff filed another grievance (MRF 11-07-00855-014A) against Saverhood about her discriminatory treatment and threats of retaliation for his attempts to redress his grievances. Plaintiff says he filed his Complaint on July 22, 2011 because he was in fear of retaliation if he were to pursue exhaustion while still at MRF, so he had no other remedy but to file this complaint.

Saverhood offers the affidavit of Richard D. Russell, Manager of the

Report and Recommendation
Motion for Summary Judgment
*Jackson v. Saverhood*; Case No. 11-13173

Grievance Section of the MDOC, indicating that plaintiff had not properly filed any grievances through Step III against Saverhood before initiating this lawsuit in July, 2011.  (Dkt. 39-3).  Saverhood also offers evidence that the only three Step III appeals of the grievances identified in plaintiff's motion for leave to amend the complaint were all received after plaintiff had already initiated his action in July of 2011 (the Step III appeals were received on 12/27/11, 11/9/11, and 9/22/11).  (Dkt. 39-4).

### III.   DISCUSSION

    A.   <u>Standard of Review</u>

Summary judgment is appropriately rendered "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Redding v. St. Edward*, 241 F.3d 530, 532 (6th Cir. 2001). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005), quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Furthermore, the evidence and all reasonable inferences must be construed in the light most favorable to the non-moving party.

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Where the movant establishes the lack of a genuine issue of material fact, the burden of demonstrating the existence of such an issue shifts to the non-moving party to come forward with "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). That is, the party opposing a motion for summary judgment must make an affirmative showing with proper evidence and must "designate specific facts in affidavits, depositions, or other factual material showing 'evidence on which the jury could reasonably find for the plaintiff.'" *Brown v. Scott*, 329 F. Supp. 2d 905, 910 (6th Cir. 2004). In order to fulfill this burden, the non-moving party need only demonstrate the minimal standard that a jury could ostensibly find in his favor. *Anderson*, 477 U.S. at 248; *McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). However, mere allegations or denials in the non-movant's pleadings will not satisfy this burden, nor will a mere scintilla of evidence supporting the non-moving party. *Anderson*, 477 U.S. at 248, 251.

    B.    <u>Exhaustion of Administrative Remedies</u>

        1.    Legal Standards

42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such

administrative remedies as are available are exhausted." Section 1997e(a)'s "exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences." *Porter v. Nussle,* 534 U.S. 516, 520 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter,* 534 U.S. at 532. In *Jones v. Bock,* 549 U.S. 199 (2007), the Supreme Court held that "failure to exhaust is an affirmative defense under the PLRA," and "inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones,* 549 U.S. at 216. "Compliance with prison grievance procedures ... is all that is required by the PLRA to 'properly exhaust.'" *Jones,* 549 U.S. at 218. "Congress has provided in § 1997e(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues." *Booth v. Churner,* 532 U.S. 731, 741 n. 6 (2001). "[P]roper exhaustion of administrative remedies is necessary." *Woodford v. Ngo*, 548 U.S. 81, 84 (2006).

In *Jones v. Bock*, the Supreme Court also held that the burden rests on the defendant to show that a plaintiff failed to exhaust when asserting exhaustion as an affirmative defense. *Id.* Accordingly, exhaustion is satisfied if plaintiff complied with the applicable MDOC grievance procedure and defendants bear the burden of showing otherwise. *Kramer v. Wilkinson*, 226 Fed.Appx. 461, 462 (6th Cir. 2007)

(A prisoner-plaintiff "does not bear the burden of specially pleading and proving exhaustion; rather, this affirmative defense may serve as a basis for dismissal only if raised and proven by the defendants.").

A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden–the plaintiff on a claim for relief of the defendant on an affirmative defense–his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). The Sixth Circuit repeatedly has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561.

### 2. MDOC Policy

Pursuant to MDOC policy directive 03.02.130 entitled "Prisoner/Parolee Grievances," there are four stages to the grievance process that must be followed before a prisoner can seek judicial intervention, each with specific time limits. First, the prisoner must attempt to verbally resolve the issue with the staff member(s) involved within two business days of becoming aware of a grievable issue. If the issue is not resolved, the prisoner may file a Step I grievance within

five business days of the attempted verbal resolution. If the prisoner is not satisfied with the Step I outcome, he must request a Step II appeal form within five days, and he then has an additional five days to file the Step II appeal. If the inmate is still not satisfied with the result, he must then file a Step III appeal within 10 business days. The Step III response ends the administrative process.

When filing a grievance and/or grievance appeal, an inmate must state the facts involved with the issue being grieved, and must also include the "[d]ates, times, places, and names of all those involved in the issue being grieved." (Dkt. 39-2). A grievance may be rejected if it is vague, illegible, contains multiple unrelated issues, or raises issues that are duplicative of those raised in another grievance filed by the grievant. A grievance may also be rejected if the grievance is untimely. *Id.*

    C.    <u>Analysis and Conclusion</u>

In plaintiff's original complaint, dated July 22, 2011, he identified several incidents involving defendant Saverhood. He alleged he was overcharged $9.00 for photocopying on June 15, 2011. On June 17, 2011, he was refused access to the library for no reason. On July 2, 2011, he was denied the ability to procure copies needed for filing. On July 8, 2011, Saverhood improperly read legal documents presented for copying to the Warden. On July 8, 2011, his legal copies were given to prison officials for no reason. And, on July 13, 2011, plaintiff says

he was segregated from the law library and the clerks who provide assistance for no reason. (Dkt. 1, Pg ID 3). In his supplemental complaint, plaintiff recounts these same events, just providing more factual detail and identifying the grievances by number. (Dkt. 35).

Notably, in the order granting plaintiff's motion for leave to supplement the complaint, the undersigned purposefully and expressly reached no conclusions regarding the propriety or timeliness of plaintiff's exhaustion of any of the grievances at issue in this case. (Dkt. 31). Plaintiff identifies six grievances in his response and his supplemental complaint that he filed against defendant Saverhood. At this point, plaintiff does not contend that *any* of these grievances were exhausted before filing his original complaint. According to the MDOC Step III Grievance Report, three of the six grievances had appeals filed through Step III. (Dkt. 39-4, Pg ID 232). Plaintiff does not explain why his fear of retaliation prevented him from exhausting only three of the six grievances he mentioned.

It also appears that only one of the three grievances where a Step III appeal was filed was exhausted before plaintiff filed his motion for leave to amend the complaint and *none* of the six grievances was exhausted when plaintiff filed his original complaint. (Dkt. 39-4, Pg ID 232) (MRF 11-07-0820-19z). This would make at least one grievance properly exhausted under *Murphy v. Grenier*, *supra*. However, in the view of the undersigned, the application of *Murphy v. Grenier*

presupposes that the complaint was properly filed in the first place. That is, plaintiff cannot proceed solely on a supplemental claim that was exhausted at the time he moved to amend the complaint if the original complaint had no properly exhausted claims in the first instance. Such bootstrapping would violate the *Freeman* rule.

Generally, a prisoner civil rights plaintiff must fully exhaust his claims through the available prison administrative grievance process and claims based on grievances that became fully exhausted during the pendency of the lawsuit. *See Freeman*, *supra*. Notwithstanding concerns of judicial efficiency, a plaintiff who pleads unexhausted or improperly exhausted claims cannot come into compliance with the PLRA's exhaustion requirements by simply re-pleading those claims in an amended complaint after proper exhaustion. *Freeman*, 196 F.3d at 645 (6th Cir.1999) (holding that improperly exhausted claims pled in the complaint could not be subsequently exhausted during the pendency of the action); *Fisher v. Ohio Dep't. of Corr.*, 2009 WL 2246183, at *5 (S.D. Ohio 2009) (rejecting inmate's assertion that he should be permitted to proceed on claims advanced in his complaint that were not exhausted but that were exhausted prior to his re-pleading them in his third amended complaint); *Cesal v. Bureau of Prisons*, 2006 WL 2803057, at *4 (E.D. Ky. 2006) ("Any claim that is not exhausted at the time of filing must be dismissed without prejudice, notwithstanding its subsequent

exhaustion during the pendency of the case."). Allowing an inmate to simply re-plead improperly exhausted claims would encourage circumvention of the PLRA's exhaustion-first rule, undermining one of the two main purposes that exhaustion serves-to "give[ ] an agency an opportunity to correct its own mistakes ... before it is haled into federal court and ... discourage [ ] disregard of the agency's procedures." *Woodford*, 548 U.S. at 89. Thus, to the extent plaintiff included improperly exhausted claims in his original complaint, he cannot subsequently exhaust those claims during the pendency of this action. Rather, the Court must dismiss such claims without prejudice.

In this case, plaintiff's "supplemental" complaint as filed after his motion was granted, does not actually involve any new claims that arose *after* his original complaint was filed; that is, none of the claims fall within the scope of Rule 15(d) because they all involve events that occurred *before* he filed his original complaint. Indeed, all six of the grievances submitted regarding defendant Saverhood involved events that occurred *before* his original complaint was filed on July 22, 2011 and *none* were exhausted at the time he filed his original complaint. (Dkt. 35, Pg ID 191). Thus, *Murphy* – which allows prisoners to file supplemental claims (claims arising from events that occurred *after* the original complaint was filed and which are exhausted at the time they are proposed) does not apply to any of the grievances identified by plaintiff and his supplemental complaint must be

dismissed without prejudice for failure to exhaust his administrative remedies. *See also*, *Lee v. Birkett*, 2009 WL 3465210, at *2 (E.D. Mich. 2009) (concluding that an inmate is entitled to supplement his complaint "to add new claims, based on events occurring subsequent to the filing of the original complaint, which appear fully exhausted at the time first asserted in the proposed complaint"); *Jordan v. Caruso*, 2010 WL 3220143, at *12 (W.D. Mich. 2010) (noting that an inmate "could plausibly argue that a new claim ... , arising after the complaint, could be exhausted before filing the amended complaint").

In conclusion, the undersigned recommends that defendant's motion for summary judgment on the issue of exhaustion be granted because (1) none of the claims in the original complaint were exhausted before the complaint was filed; (2) the supplemental complaint does not identify any claims arising from incidents that occurred after the complaint was filed, rather they are simply a re-hash of the original claims filed against defendant Saverhood; and (3) plaintiff's subsequent exhaustion of some of the grievances after the initial complaint was filed does not save this matter from dismissal under *Freeman* because those grievances do not fall with the scope of *Murphy v. Grenier* and *Lee v. Birkett.*

## IV. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that defendant's motion for summary judgment be **GRANTED** and that plaintiff's

complaint be **DISMISSED** without prejudice.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may

rule without awaiting the response.

Date: July 31, 2013                          s/Michael Hluchaniuk
                                             Michael Hluchaniuk
                                             United States Magistrate Judge

## CERTIFICATE OF SERVICE

      I certify that on July 31, 2013, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Kevin R. Himebaugh, and I certify that I have mailed by United States Postal Service the foregoing pleading to the following non-ECF participant(s), at the following address(es): Douglas Jackson, ID# 748757, BELLAMY CREEK CORRECTIONAL FACILITY, 1727 West Bluewater Highway, Ionia, MI 48846.

                                                s/Tammy Hallwood
                                                Case Manager
                                                (810) 341-7887
                                                tammy_hallwood@mied.uscourts.gov